UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC., and M&K QUALITY TRUCK SALES OF SUMMIT, LLC, d/b/a CHICAGO MACK, CENTER, INC.,<br><br>Defendants. | No. 15 C 1981<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Johnny Edwards brought this action against Defendants Mack Trucks, Inc. ("Mack Trucks") and M&K Quality Truck Sales of Summit, LLC d/b/a Chicago Mack, Center, Inc. ("Chicago Mack"). Plaintiff alleges breach of express warranty (Count I) and revocation of acceptance and cancellation of contract (Count II) against Defendant Mack Trucks. Plaintiff also alleges breach of implied warranty (Count III), revocation of acceptance and cancellation of contract (Count IV), and action to recover the price (Count V) against Defendant Chicago Mack.

This matter is presently before the Court on Defendant's motion to dismiss Count II against Defendant Mack Trucks for failure to state a claim under Rule 12(b)(6) as well as Plaintiff's motion to strike all of Defendants' affirmative defenses under Rule 12(f). For the following reasons, I am granting both of these motions.

## BACKGROUND

Plaintiff bought a new 2014 Mack truck from Defendant Chicago Mack for $116,762.73 on December 17, 2013. The truck was manufactured by Defendant Mack Trucks. Plaintiff received a copy of Mack Trucks' warranty coverage as part of his purchase. The coverage

1

provided a limited warranty for certain component parts as part of a disclaimer of the implied warranty of merchantability or fitness for a particular purpose as a means of limiting consequential and incidental damages.

Up until this action commenced, Defendant Chicago Mack serviced the vehicle at least eleven times, primarily for issues relating to a severely left leaning ride but also for an illuminated engine system warning light, an oil leak, and a diesel exhaust fluid leak. Alleging that the malfunctions and defects had not been fixed, Plaintiff filed this action against Defendants seeking to cancel the contract and recover damages.

## DISCUSSION

I.  **Motion to Dismiss Count II**

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather, it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

The Illinois Commercial Code closely mirrors the Uniform Commercial Code and provides buyers with both a mechanism to revoke an acceptance to an offer, 810 ILCS 5/2-608, as well as a means to cancel a contract once an acceptance has been revoked in order to claim

and recover damages, 810 ILCS 5/2-711. In Count II of the complaint, Plaintiff brings a revocation of acceptance claim under 810 ILCS 5/2-711 against Defendant Mack Trucks.

In Illinois, however, revocation of acceptance claims are not available against nonselling manufacturers. Although some other states allow this type of remedy, *see, e.g.*, *Volkswagen of Am., Inc. v. Novak*, 419 So. 2d 801, 804 (Miss. 1982), Illinois does not. *Mydlach v. DaimlerChrysler Corp.*, 226 Ill. 2d 307, 327 (2007); *see also Kutzler v. Thor Indus., Inc.*, No. 03 C 2389, 2003 WL 21654260 (N.D. Ill. July 14, 2003) (Schenkier, J.). In *Mydlach*, the Illinois Supreme Court considered whether a plaintiff who bought a used vehicle from a dealership could bring a suit to recover damages against the car's manufacturer, using the warranty as a basis for his claim. *Mydlach*, 226 Ill. 2d at 309. According to the court, revocation of acceptance "contemplates a buyer-seller relationship" which would be "conceptually inapplicable" to a nonseller such as a manufacturer. *Id.* at 332. Although the car in *Mydlach* was a used vehicle and the truck in this case is a new vehicle, the court's reasoning in *Mydlach* applies here. According to *Mydlach*, revocation of acceptance claims are not available to nonselling manufacturers—and this rule can be applied regardless of whether the car is new or used.

Here, Plaintiff lacks the requisite buyer-seller relationship with Defendant Mack Trucks that is required for a claim of revocation of acceptance. Much like the plaintiff in *Mydlach*, Plaintiff bought a vehicle from a dealership without any direct connection to the manufacturer. In fact, Plaintiff's Exhibit A plainly shows that the only parties to the original contract were Plaintiff as buyer and Defendant Chicago Mack as seller. Pl.'s Comp. 8, ECF No. 1. Defendant Mack Trucks is not listed as a party to the transaction. *Id.* Defendant Mack Trucks is simply the manufacturer, and based on the pleadings, Plaintiff has not established the requisite buyer-seller relationship upon which a revocation of acceptance claim must be brought.

Plaintiff relies on *Volkswagen of Am., Inc. v. Novak*, 419 So. 2d 801, 804 (Miss. 1982) in an attempt to establish that a "close link" existed between the contract and warranty to qualify Mack Trucks as part of the original transaction. Plaintiff's reliance on what is nothing more than persuasive precedent, however, is improper here because the Illinois Supreme Court has already addressed this issue. In *Mydlach*, the Illinois Supreme Court specifically cited to *Novak* and acknowledged that Mississippi courts have accepted this "close link" analysis. *Mydlach*, 226 Ill. 2d at 328. The Illinois Supreme Court, however, chose not to follow that decision but instead follow a guideline set forth by a court of this district in *Kutzler v. Thor Industries, Inc.*, establishing that revocation of acceptance is only available against the seller of goods and not the manufacturer. *Id.* Here, Plaintiff asks for this Court to act contrary to the express opinion of the Illinois Supreme Court without any indication that a shift has occurred since *Mydlach*. Without more, I refuse to rule against the established precedent. Because Plaintiff fails to state a claim under 810 ILCS 5/2-711, Count II of the complaint is dismissed with prejudice.[1]

## II. MOTION TO STRIKE

Motions to strike are generally disfavored because they potentially only delay the proceedings. *See United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). A motion to strike, however, is proper when it serves to remove "unnecessary clutter" to expedite a case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present

---

[1] Although Count II is dismissed, Plaintiff is not without a course of action against Defendant Mack Trucks. The New Vehicle Protection Act provides that "a manufacturer may be required to accept return of a new vehicle and make a full refund to the consumer where, after a reasonable number of attempts, the seller is unable to conform the new vehicle to any of its applicable express warranties." *Id.* at 332-33 (citing 815 ILCS 380/1 *et seq.*). The court in *Mydlach* could not extend such a claim to the plaintiff since the vehicle in question had been purchased used. In the present case, however, Plaintiff purchased the truck in question in new condition and would therefore not be barred from bringing a claim under the New Vehicle Protection Act.

4

questions of law or fact." *Id.*

Defenses are pleadings which are "subject to all pleading requirements of the Federal Rules of Civil Procedure." *Id.* Whether defenses are also subject to the "plausibility" pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), and *Ashcroft*, 556 U.S. at 677-79, however, is subject to some debate. *Compare, e.g.*, *People by Madigan v. CMK Investments, Inc.*, No. 14-C-2783, 2015 WL 4038896, at *1 (N.D. Ill. June 30, 2015) (Alonso, J.) (applying *Twombly* and *Iqbal* to affirmative defenses), *with Leon v. Jacobson Transp. Co., Inc.*, No. 10-C-4939, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010) (Marovich, J.) (concluding that the rationale underlying *Twombly* and *Iqbal* does not apply to affirmative defenses). While the Seventh Circuit has not addressed whether the *Twombly-Iqbal* standard applies to affirmative defenses, judges in this district have generally found these requirements to apply. *See, e.g.*, *Shield Techs. Corp. v. Paradigm Positioning, LLC*, No. 11-C-6183, 2012 WL 4120440 (N.D. Ill Sept. 19, 2012) (Grady, J.) (stating that *Leon* represents a minority view in this district). Aligning with the majority of courts in this district, this Court holds that the pleadings must set forth a "short and plain statement," Fed. R. Civ. P. 8(a), of the affirmative defenses which must be sufficient on the face of the pleadings, *Heller*, 883 F.2d at 1294, and be plead with "sufficient factual matter" to be "plausible on its face," *Iqbal*, 556 U.S. at 678; *see, e.g.*, *Mandel Metals, Inc. v. Walker Group Holdings*, No. 14-CV-8493, 2015 WL 3962005 (N.D. Ill. June 26, 2015) (Dow, J.). "As a practical matter, however, affirmative defense rarely will be as detailed as a complaint (or a counterclaim); nor do they need to be in most cases to provide sufficient notice of the defense asserted. But a problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis." *Dorsey v. Ghosh*, No. 13-CV-05747, 2015 WL 3524911, at *4 (N.D. Ill. June 3, 2015) (Wood, J.).

5

Here, Defendant Mack Trucks' fourteen and Defendant Chicago Mack's eighteen affirmative defenses clearly fail to meet the pleading standard set forth in *Twombly-Iqbal*. All but two of Defendants' eighteen independent defenses are plead in a single sentence. Affirmative defenses that are "[t]hreadbare recital[] of the elements," *Iqbal*, 556 U.S. at 678, conclusory statements, *Heller*, 883 F.2d at 1295, or mere denials of the Plaintiff's complaint, *see Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 804 (N.D. Ill. 2000), are insufficient to survive a motion to strike. Because Defendants have failed to provide any factual support for their affirmative defenses, I am granting Plaintiff's motion to strike Defendants' affirmative defenses pursuant to Rule 12(f).

Although I am striking all of Defendants' affirmative defenses at this time, I will consider which affirmative defenses could constitute legitimate defenses if they had been properly pleaded and dismiss those without prejudice. The Seventh Circuit "has identified two approaches for [determining] whether a defense not specifically enumerated in Rule 8(c) is an affirmative defense: (a) if the defendant bears the burden of proof under state law, or (b) if it [does] not controvert the plaintiff's proof." *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (internal citations omitted).

Here, the Court concludes that Defendants' first, seventh, eighth, ninth, fifteenth, sixteenth, seventeenth, and eighteenth defenses could be appropriately pleaded as affirmative defenses. These defenses are either explicit in the rules or recognized by the courts. Therefore, the Court's order striking these defenses are without prejudice, allowing Defendants to replead them with greater factual support. Defendants' remaining affirmative defenses, however, are stricken with prejudice.

**A.      First Affirmative Defense – Mack Trucks Count I; Chicago Mack Count I**

The first affirmative defense alleges a failure to state a claim upon which relief can be granted. The courts in this district disagree as to whether this may be asserted as an affirmative defense. *Compare, e.g.*, *Ill. Wholesale Cash Register, Inc. v. PCG Trading, LLC*, No. 08 C 363, 2009 WL 1515290, at *2 (N.D. Ill May 27, 2009) (Grady, J.) (striking failure to state a claim as an affirmative defense as it should have been brought as a Rule 12(b)(6) motion), *with LaSalle Bank Nat'l Assoc. v. Paramount Properties*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008) (St. Eve, J.) (allowing failure to state a claim as an affirmative defense where it does not raise any matter outside of the plaintiff's complaint). Even assuming that failure to state a claim is an appropriate defense, Defendants must still adequately plead the defense in accordance with Rule 8, providing notice as to how and in what portion of the complaint Plaintiff has failed to state a claim upon which relief may be granted. *See Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006); *see also Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1231 (N.D.Ill., 1996) (striking failure to state a claim defense that did not refer to a particular count of the complaint and did not notify plaintiff of any specific deficiencies in the complaint). Without more, Defendants' first affirmative defense insufficiently provides notice as required by Rule 8 and is stricken without prejudice. *See, e.g.*, *Dorsey*, 2015 WL 3524911, at *4.

**B.      Second to Sixth Affirmative Defenses – Mack Trucks Count II-III; Chicago Mack Counts II-VI**

Defendants' second to sixth affirmative defenses relate to the Vehicle Purchase Order and any possible disclaimer of the express and implied warranties, any implied warranty of merchantability, or any implied warranty of fitness for a particular purpose. Defendants contend that as a result of the disclaimer, they are not liable for consequential damages, including, but not

7

limited to, loss of income. These defenses are each merely reiterations of denials from Defendants' Answer and are therefore unnecessary. *See Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1041 (N.D. Ill 2014). For example, the disclaimer of the warranties and damages are referenced in Defendants' response to paragraph 4 of Plaintiff's complaint. *See* Def.'s Answer 2, ECF No. 16, Def.'s Answer 2, ECF No. 17. Since affirmative defenses must introduce a new matter or allegation that could serve as the basis for a defense and cannot be merely a denial of the Plaintiff's allegations, *see Rao v. Covansys Corp.*, No. 6 C 5451, 2007 WL 141892, at *3 (N.D. Ill. Jan. 17, 2007), these five affirmative defenses are stricken with prejudice.

**C.     Seventh and Eighth Affirmative Defenses – Mack Trucks Count IV-V; Chicago Mack Counts VIII-IX**

Defendants' seventh and eighth affirmative defenses contend that the damage to the vehicle was a result of unreasonable use or misuse and negligence, very much akin to the clean hands doctrine. Defendants have not adequately pleaded the defense in accordance with Rule 8. Neither the complaint nor the answer has established any factual basis for which Plaintiff's use of the vehicle could be shown to be unreasonable or negligent. The facts presented in the complaint merely lay out the circumstances of the original purchase and attempts at repair thereafter. The answer neither contests the general framework of the complaint's facts nor presents any facts relating to Plaintiff's use which establish the basis for these defenses. Without more, Defendants' seventh and eighth affirmative defenses are insufficiently pled and are stricken without prejudice.

**D.     Ninth Affirmative Defense – Mack Trucks Count VI; Chicago Mack Count X**

Defendants' ninth affirmative defense states: "Plaintiff's claims are barred in whole or in

part by the equitable doctrine of laches." Plaintiff contends that since this is a legal action, a laches defense is not applicable since it is an equitable remedy. Illinois courts, however, have expanded the use of a laches defense to lawsuits seeking both legal and equitable remedies. *See Mo v. Hergan*, 982 N.E.2d 905, 914 (Ill. App. Ct. 2012); *see also West Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co., Inc.*, No. 13-2252, 2015 WL 4153635, at *10 (7th Cir. July 10, 2015). However, much like many of Defendants' other affirmative defenses, this defense has only been pleaded in broad terms, stating only conclusory allegations without any reference to asserted facts. Defendants' answer does not reveal why Plaintiff should have taken action sooner than he did nor does it provide reasons as to why the current period is unreasonably long. Therefore, Defendants' ninth affirmative defense is stricken without prejudice.

E.     **Tenth to Twelfth Affirmative Defenses – Mack Trucks Count VII-IX; Chicago Mack Counts XI-XII**

Defendants' tenth to twelfth defenses relate to the repair of the vehicle and associated costs. Very similar to Defendants' earlier defenses relating to the Vehicle Purchase Order and related disclaimers, these are simply restatements of Defendants' denials to Plaintiff's complaint. Because they are simply denials of the Plaintiff's complaint, these defenses are stricken with prejudice.

F.     **Thirteenth Affirmative Defense – Mack Trucks Count X; Chicago Mack Count VII**

Defendants' thirteenth affirmative defense states: "Defendant's disclaimers are conscionable, and therefore valid and enforceable." Here, the particular defense has no place in the pleadings. Plaintiff's claims do not contest the conscionability of the disclaimers contained within the Vehicle Purchase Order. As such, Defendants' thirteenth affirmative defense is dismissed with prejudice unless Plaintiff amends his complaint to plead in this manner.

9

G.  **Fourteenth Affirmative Defense – Mack Trucks Count XI; Chicago Mack Count XIV**

Defendants' fourteenth affirmative defense states: "Plaintiff has received the benefit of use of the truck, and any damages awarded should be reduced by the value of Plaintiff's benefit of use." Again, this is simply a denial of Plaintiff's complaint and merely a restatement from Defendants' answers. Therefore, Defendants' fourteenth affirmative defense is stricken with prejudice.

H.  **Fifteenth Affirmative Defense – Mack Trucks Count XII; Chicago Mack Count XV**

Defendants' fifteenth affirmative defense states: "Plaintiff failed to provide Defendant with proper notice in accordance with applicable law." The defense of insufficiency of process is more typically brought as a Rule 12(b)(5) motion to dismiss but may be raised in the first responsive pleading. *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991). Defendants must still adequately plead the defense in accordance with Rule 8, providing notice as to how Plaintiff failed to provide adequate service. In its current form, this defense is simply a legal conclusion without any factual support. It is therefore stricken without prejudice.

I.  **Sixteenth Affirmative Defense – Chicago Mack Count XVI**

Defendants' sixteenth affirmative defense states: "Plaintiff failed to revoke the agreement within a reasonable amount of time." Similar to the laches defense, Defendant has not provided any factual basis to determine whether or not the time period had been reasonable, particularly any relevant dates other than the purchase date. As simply a legal conclusion without any factual basis to raise the defense beyond a speculative level, Defendants' defense is stricken without prejudice.

**J.     Seventeenth Affirmative Defense – Mack Trucks Count XIII; Chicago Mack Count XVII**

Defendants' seventeenth affirmative defense states: "Plaintiff's claims are barred in whole or in part by the applicable statute of limitations." There is no contest that this can be an appropriate affirmative defense. *See* Fed. R. Civ. P. 8(c). Neither party, however, has stated any facts which would raise this defense beyond a speculative level. The only date which has been provided to this Court is the initial purchase date, and even this date is contested by the parties. The bare-bones pleading of this defense cannot stand, and accordingly, Defendant's seventeenth amendment is stricken without prejudice. *See also Dorsey*, 2015 WL 3524911, at *5 (striking limitations defense where basis for purposed defense is completely unknown).

**K.     Eighteenth Affirmative Defense – Mack Trucks Count XIV; Chicago Mack Count XVIII**

Defendants' eighteenth affirmative defense states: "Plaintiff has failed to mitigate his damages." Contrary to Plaintiff's contention that mitigation is not a true defense, failure to mitigate damages is a recognized affirmative defense. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 460 (7th Cir. 2006). Defendants, however, fail to provide any factual basis to support their defense which gives rise to Plaintiff's failure to mitigate. Therefore, Defendants' eighteenth defense fails to meet the pleading standard and is dismissed without prejudice.

## CONCLUSION

Plaintiff's claim against Mack Trucks fails to establish the buyer-seller relationship that is required for a revocation of acceptance claim. Accordingly, Defendant's motion to dismiss is granted, and I am dismissing Count II of the complaint with prejudice. Additionally, Plaintiff's motion to strike all of Defendants' affirmative defenses is granted in part with prejudice and in part without prejudice.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 26, 2015